UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALLAN REED, and
ANTHONY WESLEY, Jr.,

    *Plaintiffs*,

v.

CHRIS SWANSON, and
BRIAN D. MACMILLAN,

    *Defendants*.
_____/

CASE NO. 5:21-cv-11392

DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 40) AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 44)**

**I.     Recommendation**

For the reasons below, **I RECOMMEND** that that the Court **GRANT** Defendants' motion for summary judgment (ECF No. 44) and **DENY** Plaintiff's motion for summary judgment (ECF No. 40)..

**II.    Report**

    **A.     Background**

David Reed and Anthony Wesley are pretrial detainees who allege that the Genesee County Jail monitored their meetings with counsel violating their constitutional and statutory rights. (ECF No. 1, PageID.8–9, ¶¶ 1–2).

1

Plaintiffs filed a *pro se* complaint against Swanson and MacMillan, seeking to hold them liable under 42 U.S.C. § 1983 (2018) for violating several federal laws. (ECF No. 1). Specifically, they allege that the Defendants violated their rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments; the Federal Wiretapping Act; the Privacy Protection Act; and 18 U.S.C. § 2511 (2018). (*Id.* at PageID.5). They also attach three state-law claims, alleging that the Defendants violated Mich. Comp. L. §§ 750.539c–750.539e,[1] 780.991(2)(a) (2022), and their right to counsel under the Michigan Constitution. (*Id.*)

Both Defendants later moved jointly to dismiss the entire complaint. (ECF No. 16). The court granted the motion in part and denied the motion in part. Specifically, the court denied the motion as to: (1) Plaintiff's Fourth Amendment claim against Defendant Swanson; (2) Plaintiff's Sixth Amendment against Defendant Swanson; (3) Plaintiff's claim under Michigan's eavesdropping statute against Defendants Swanson and MacMillan; and (4) Plaintiff's Federal Wiretap Act claim against Defendants Swanson and MacMillan. (ECF No. 32.) Therefore, these are the remaining claims that are subject to the instant cross motions for summary judgment. (ECF Nos. 40, 44.)

At this summary judgment stage, Defendants "concede that the plaintiffs' *public* meetings with their attorneys were recorded, but deny that this violated the attorney client privilege because the conversations were not private and hence not confidential" (ECF No. 44, PageID.429)(emphasis in original). The meetings that are the subject of this lawsuit did

---

[1] Plaintiffs cite § 750.759a in their complaint, however, this section only provides definitions of terms used elsewhere in the act. (*Id.*)

not occur in any of the attorney/client conference rooms (where there is video but no audio recording) but rather took place in the "bubble," which is a "public area outside the activities room" where a deputy is present and which contains "surveillance cameras that monitor and record audio and video 24 hours a day." (ECF No. 44, PageID.431-432.) During the relevant time period, from approximately August 2019 through October 2020 due to construction projects, "there were times when some attorney/client conference rooms were not available [so] attorneys sometimes met with their clients in the bubble." (ECF No. 44, PageID.433.) Defendants maintain that "inmates and their attorneys were far enough away from the camera that the audio is unintelligible." (ECF No. 44, PageID.433.) Defendants contend that "[i]f an attorney were to object to meeting in the bubble, the jail would either make an attorney/client conference room available, or if none were available, would find another private area for them." (ECF No. 44, PageID.432.) At both entrances to the jail, a sign reads: "'Security Reminder: THIS FACILITY MAY BE MONITORED WITH BOTH AUDIO AND VIDEO. THERE IS NO AUDIO MONITORING IN ATTORNEY-CLEINT SPECIFIED PLACES.'" (ECF No. 44, PageID.432.)

### B. Standard of Review

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C.*

3

*Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome

4

a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

C. Analysis

**1. Sixth Amendment claim against Defendant Swanson**

As to the Sixth Amendment claim, I note that generally, individuals do not have a constitutional right to attorney-client confidentiality or privilege. *See Dye v. Hofbauer*, 197 F. App'x 378, 383 (6th Cir. 2006). Confidentiality and privilege are common law doctrines that fall outside the scope of the Sixth Amendment. *Id.*; *see also Horaeck v. Seaman*, No. 08-10866, 2009 WL 2928546, at *10 (E.D. Mich. Sept. 10, 2009). However, because the Sixth Amendment ensures that all criminal defendants shall "have the right to [effective] assistance of counsel for [their] defense," intrusions into the attorney client

5

relationship may implicate the Sixth Amendment where they deny a criminal defendant effective assistance of counsel. U.S. Const. amend. VI; *Horaeck*, 2009 WL 2928546, at *10; *see also Sanborn v. Parker*, 629 F.3d 554, 576 (6th Cir. 2010). The attorney-client privilege does not apply unless there is an "element of confidentiality." *People v. Compeau*, 244 Mich. App. 595, 597 (2001).

The same scenario as that in the instant case was presented in *Butler v. Pickell*, 2023 WL 3910348, (E.D. Mich. May 18, 2023). The court concluded that Plaintiff's "communications with his attorney in the bubble were not privileged" even though Plaintiff "had a reasonable belief that the cameras in the bubble did not record audio, [the court held] he cannot avoid the fact that a deputy's clear presence…renders the communications in the bubble nonprivileged." *Butler*, at *6. The court considered whether the deputy's presence in the bubble could create a chilling effect, and after balancing the relevant factors, concluded that the instant "temporary, intermittent restriction based on jailhouse construction" was "based on a valid penological interest that was outweighed by any chilling effect of requiring attorneys to meet with inmates in the bubble during this time." *Butler*, at *7-8. I find the Court's analysis persuasive and recommend following the decision in *Butler*. Accordingly, I recommend dismissing Plaintiffs' Sixth Amendment claim.

2. **Fourth Amendment claim against Defendant Swanson**

As to the Fourth Amendment claim, Plaintiffs argue that the surveillance of their confidential meetings with counsel violated their right to be free from unreasonable searches and seizures. The "right of privacy in traditional Fourth Amendment terms is

fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-528 (1984). Confidential attorney-client communications "generally are distinguished from other kinds of communication and exempted from routine monitoring." *Lonegan v, Hasty*, 436 F.Supp.2d 419, 432 (E.D. N.Y. 2006). However, as noted above, the instant communications were not confidential. The court in *Butler* again addressed this question with well-supported logic. The court distinguished *Long v. County of Saginaw*, 2014 WL 1845811 (E.D. Mich. May 8, 2014) and noted the absence of a genuine issue of fact because, as here, tcameras and a deputy were present in the bubble and because "there were signs in the public entrances to the Jail stating that the facility was monitored by video and audio, and that only attorney-client spaces lacked audio recording." *Butler*, at *9-10. I again recommend following the well-reasoned opinion in *Butler* and granting Defendants' motion for summary judgment as to the Fourth Amendment claim as well.

    **3.**     **Federal and Michigan Wiretap claim against Defendants Swanson and MacMillan**

Under the Federal Wiretap Act, 18 U.S.C. § 2520(a), "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States" damages as described in that section. Section 2510(5)(a)(ii) defines the phrase "electronic, mechanical, or other device" to exclude "equipment…being used…by an investigative or law enforcement officer in the ordinary course of his duties." Michigan's Wiretap statute also contains an exception similar to the federal exclusion. Mich. Comp.

7

Laws § 750.539(g)(excepting law enforcement officials who obtain recordings "while in the performance of the officer's duties.").

The Sixth Circuit has held that "routine and almost universal recording of phone lines by police departments and prisons…is exempt from the statute" so long as the prisoner is given "some form of notice that such conversations may be monitored or recorded." *Adams v. City of Battle Creek*, 250 F.3d 980, 984-85 (6th Cir. 2001). As discussed above, because Plaintiffs and counsel were given notice that the conversations in the bubble were monitored and recorded and an officer was present in the room, Defendants actions are exempt from liability under the Federal and Michigan statutes. See, *People v. Alexander*, 2014 WL 891043, at *5 (Mich. Ct. App. Mar. 6, 2014). Therefore, I recommend Defendants' motion for summary judgment be granted as to these claims as well.

### III. <u>Conclusion</u>

For the reasons above, I **RECOMMEND** that the Court **GRANT** Defendants' motion for summary judgment (ECF No. 44). Since I recommend the Defendant's motion be granted, I further recommend that Plaintiff's motion (ECF No. 40) be **DENIED**.

### IV. <u>Review</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party

may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 17, 2023

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge