UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Allan Reed and Anthony
Wesley, Jr.,

                Plaintiffs,

v.

Chris Swanson and Brian D.
MacMillan,

                Defendants.

_____/

Case No. 21-cv-11392

Judith E. Levy
United States District Judge

Mag. Judge Patricia T. Morris

**OPINION AND ORDER DENYING PLAINTIFF DAVID A. REED'S MOTION TO AMEND FINDINGS AND FOR RELIEF FROM JUDGMENT [55]**

Before the Court is Plaintiff David Allan Reed's "motion to amend findings and for relief from judgment." (ECF No. 55.) Reed appears to seek relief from the Court's order adopting the Magistrate Judge's Report and Recommendation ("R&R"), denying his objections, and granting Defendants' summary judgment motion. (ECF No. 53.)

Judgment was entered in this case on September 29, 2023. (ECF Nos. 53, 54.) Reed's timely motion is dated October 20, 2023. (ECF No.

55.) Defendants responded to this motion (ECF No. 56), and Reed filed a reply. (ECF No. 57.)

For the reasons set forth below, Reed's motion is denied.

## I. Background

Reed alleges that the Genesee County Jail monitored his meetings with his attorneys. At the Genesee County Jail, there are conference rooms for attorney-client meetings. (ECF No. 50, PageID.588.) However, from approximately August 2019 to October 2020, these conference rooms were unavailable due to construction projects. (*Id.*) As a result, attorneys sometimes met with clients in "the bubble," which is "a 'public area outside the activities room' where a deputy is present and which contains 'surveillance cameras that monitor and record audio and video 24 hours a day.'" (*Id.* (quoting ECF No. 44, PageID.431–432).)

During Reed's deposition on January 31, 2023, he testified that, even before construction began in August 2019, he was "sometimes prevented from having his meetings in the attorney-client conference rooms" and was forced to have these meetings in the bubble. (ECF No. 53, PageID.611–612.) Reed believes that conversations in both the bubble and in the attorney-client conference rooms were recorded and

2

that prosecutors listened to these conversations. (*Id.* at PageID.612–614.) He claims that he was not warned that these rooms had cameras. (*Id.*) Reed agreed that, when he had conversations in the bubble, "the deputy was closer in proximity to him and his attorney than the camera," but "disagreed with the assertion that 'anything that's going to get picked up on the camera is going to get heard by the deputy.'" (*Id.* at PageID.613 (quoting ECF No. 43-3, PageID.327).) "Reed argued that '[t]he audio [on the cameras] could be enhanced' so that conversations that are inaudible to the deputy are audible to the camera," but "acknowledged that he has no evidence for that contention." (*Id.* (quoting ECF No. 43-3, PageID.327–329).)

At the summary judgment stage, Reed's remaining claims were "(1) Plaintiff's Fourth Amendment claim against Defendant Swanson; (2) Plaintiff's Sixth Amendment claim against Defendant Swanson; (3) Plaintiff's claim under Michigan's eavesdropping statute against Defendants Swanson and MacMillan; and (4) Plaintiff's Federal Wiretap Act claim against Defendants Swanson and MacMillan." (ECF No. 50, PageID.587.)

## II. Legal Standard

3

Reed seeks relief under Federal Rule of Civil Procedure 60(b)(1) and (6).[1] Whether to grant relief under Rule 60(b) is in the court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

Under Federal Rule of Civil Procedure 60(b)(1), the Court may grant a party relief from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." "Rule 60(b)(1) 'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2)

---

[1] Plaintiff's motion invokes Federal Rules of Civil Procedure 11(b)(2) and (3), 52(b), and 60(b)(1) and (6). (ECF No. 55, PageID.640.) Only Rule 60(b)(1) and (6) provide a basis for reviewing a pre-trial final order; Rules 11 and 52 are not relevant here.

4

when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794, 799 (6th Cir. 2020) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

Under Rule 60(b)(6), the Court may grant a party relief from a final judgment or order for "any other reason that justifies relief." Relief under this rule should be applied only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

### III. Analysis

The Court has carefully reviewed Reed's motion and determined that he has not demonstrated any basis for relief under Rule 60(b)(1) or (6).

First, Reed argues that, had he been appointed counsel, he "would have been able to procur[e] evidence" that supports his allegations, and the Court would not have granted Defendants' summary judgment motion. (ECF No. 55, PageID.640–641; *see also* ECF No. 57, PageID.656 ("With proper discovery, Mr. Reed would and could establish "ALL" att./client booths contain audio capability. Thus supporting Mr. Reed's

5

claims . . . . If counsel was previously appointed, utilizing the assistance of an investigator (due to security issues), this Court would undoubtedly rule in Mr. Reed's favor.").)

Reed is correct that the Court denied his motion to appoint counsel. (*See* ECF No. 21.) However, his inability to obtain evidentiary support for his claims is still dispositive. In Reed's objections to the R&R (ECF No. 51), he maintained that the A/V equipment in the bubble had "enhancement capabilities" that would allow third parties to listen to attorney-client conversations, even if the conversations were inaudible to those physically present, such as a deputy. (ECF No. 51, PageID.599.) The Court overruled this objection because Reed had the ability to conduct discovery, but did not have any evidence of the A/V equipment's enhancement capabilities:

> Nothing in the record indicates that the camera had such capabilities. "To avoid a motion for summary judgment, the defending party . . . may not rest upon mere allegations or denials in its pleadings and it is insufficient to merely allege in a general or conclusory fashion that issues of fact exist or might exist." *Kelley v. Carr*, 567 F. Supp. 831, 836 (W.D. Mich. 1983). Reed only has "mere allegations" as to the capabilities of the camera and other A/V equipment. As proof of the camera's capabilities, Reed cites a copy of an invoice dated October 11, 2017 listing A/V equipment purchased by the Genesee County Jail, claiming that this invoice is evidence that the "a/v equipment has enhancement

> capabilities . . . [such that] the att./client communications can be illegally listened upon." (ECF No. 51, PageID.599.) However, the invoice does not describe the camera's capabilities, merely what was purchased. Additionally, the Court reviewed the videos on the disc sent by Reed (ECF No. 1, PageID.37 (scanned image of disc)) and concluded that the conversations between attorneys and clients in the bubble were not audible. Finally, Reed previously testified that he "[doesn't] know the capabilities of the audio" and that he does not have any evidence that the audio can be enhanced. He merely says that he believes there is just a possibility that it could. (ECF No. 43-3, PageID.327.)
>
> The Court recognizes that, as a *pro se* plaintiff in prison, Reed had limited means to conduct discovery and request the evidence he needed. However, he was "entitled to propound interrogatories, request documents, and engage in other forms of discovery" to find evidence that supports his allegations. *Klingele v. Eikenberry*, 849 F.2d 409, 412 n.1 (9th Cir. 1988); *see also Brown v. Rivard*, No. 16-11837, 2018 WL 2009547, at *1 (E.D. Mich. Apr. 30, 2018) ("[*Pro se* prisoner] plaintiff may conduct his discovery by means of written interrogatories.").

(ECF No. 53, PageID.619–620 n.3.) Here, Reed has not shown that the Court "made a substantive mistake of law or fact," *Vargo*, 841 F. App'x at 799, and does not cite any authority stating that summary judgment should not be granted when there is a possibility that unpresented

7

evidence exists. (ECF No. 55, PageID.640–641.) Thus, Reed's motion does not demonstrate a basis for relief under Rule 60(b)(1) or (6).[2]

To the extent that Reed seeks further discovery, the Court denies this request. District courts "enjoy broad discretion in managing discovery," *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000), and may deny extensions to the discovery deadline. *Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (6th Cir. 1998). Here, discovery closed on February 3, 2023 (ECF No. 33), an order was entered granting Defendants' summary judgment motion (ECF No. 53), and this case is closed. (ECF No. 54.) There is no basis to extend discovery, because Reed had a reasonable opportunity to investigate and gather discovery.

Reed's other arguments also lack explanation as to why the Court's analysis was flawed, or why the Court should grant him Rule 60(b)(1) or (6) relief. Reed argues that the Court "should not dismiss

---

[2] Reed cites *Phelps v. Dunn*, 965 F.2d 93, 99–100 (6th Cir. 1992). In *Phelps*, the Sixth Circuit ruled that summary judgment should not be granted in that prisoner civil rights suit, because there was "sufficient factual disagreement to require a trial." *Id.* at 99. Unlike the plaintiff in *Phelps*, Reed only has "mere allegations," which are insufficient to create a dispute of material fact. (ECF No. 53, PageID.619–620 n.3.)

8

[his] 6th Amend. claim. Only bar it with exhaustion of state remedies." (ECF No. 55, PageID.641 (citing *Heck v. Humphrey*, 512 U.S. 477 (1984)).) The Court dismissed Reed's Sixth Amendment claim because his communication with his attorney in the bubble was not privileged. (ECF No. 53, PageID.621.) He has not demonstrated that this analysis was flawed, or that he should be granted Rule 60(b)(1) or (6) relief on his Sixth Amendment claim.[3]

Reed also states that he "never addressed his 6th Amend. violation claim in his Summary Judgment motion." (ECF No. 55, PageID.641.) This argument is not material. The Court granted Defendants' summary judgment motion, which addressed Reed's Sixth Amendment claim, and denied Reed's summary judgment motion after determining that "R&R's analysis of Defendants' motion for summary judgment addresses the arguments raised in Reed's motion [for summary judgment]." (*See* ECF No. 53, PageID.637.)

---

[3] A claim that is barred is "legally prohibited." *Barred*, Black's Law Dictionary (11th ed. 2019). To the extent Reed argues that his Sixth Amendment claim should be dismissed under *Heck v. Humphrey*, the Court denies this request. Reed has not demonstrated any errors with the Court's existing decision.

9

Next, Reed contends that "[his] response to defendant's summary judgment, pg. 2 clearly illustrated that staff 'decided' where att./client meetings are held. Again indicating Mr. Reed's objections to such conditions." (ECF No. 55, PageID.641 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1051–52 (8th Cir. 1989)).) Once more, Reed has not demonstrated a defect in the Court's decision, or cited authority that he should be granted Rule 60(b)(1) or (6) relief on this basis. The Court granted Defendants' summary judgment motion because a deputy was present in the bubble during his attorney-client meetings; as a result, Reed did not have a reasonable expectation of privacy in those meetings. (ECF No. 53, PageID.621–622, 631–633.) Reed does not explain why his objecting to those conditions, or his argument that staff "decided" where meetings would occur, result in "a substantive mistake of law or fact in the final judgment or order." *Vargo*, 841 F. App'x at 799.

Finally, Reed states that "[t]his Court also addressed Mr. Reed's unsigned motion for summary judgment. Under R 60(b)(1) the Court can excuse the mistake." (ECF No. 55, PageID.642.) This argument is not material. The Court denied Reed's motion for summary judgment

10

after determining that "R&R's analysis of Defendants' motion for summary judgment addresses the arguments raised in Reed's motion [for summary judgment]," and noted that his motion for summary judgment was unsigned in violation of Federal Rule of Civil Procedure 11(a). (ECF No. 53, PageID.637–638.) Even if the Court excused the lack of a signature, Reed's motion for summary judgment would still be denied.[4]

## IV. Conclusion

For the reasons set forth above, Reed's motion to amend findings and for relief from judgment is DENIED.

IT IS SO ORDERED.

Dated: April 15, 2024　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

---

[4] In the last paragraph of Reed's motion, he references "the introduction of the exhibits that were unknown to this Court." (ECF No. 55, PageID.642.) Because Reed did not attach any exhibits to his motion, the Court will construe his reference to exhibits as referring to unpresented, undiscovered evidence on the A/V equipment. As set forth previously, *see supra* III.A., the Court will not extend the discovery period at this late stage of the case.

11

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2024.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager